**UNITED STATES of America, Appellee,**

v.

**Henry Vonds KELLY, Appellant.**

**No. 24953.**

United States Court of Appeals, Ninth Circuit.

March 2, 1972.

Rehearing Denied March 28, 1972.

Quinby R. Bingham (argued), of Hodge, Mann, Copeland & King, Tacoma, Wash., for appellant.

Douglas D. McBroom, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., John M. Darrah, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS, HAMLEY and GOODWIN, Circuit Judges.

PER CURIAM:

The jury found Kelly not guilty of importing a woman from Canada for purposes of prostitution, but found him guilty of causing her to be transported by common carrier from Seattle, Washington, to Nevada for the same purpose in violation of 18 U.S.C. § 2422. He appeals.

Kelly asserts that the evidence did not support the guilty verdict. The jury was entitled to believe the woman's story. Her testimony supplied all the elements of the crime. The government had other evidence to support the woman's testimony. This assignment of error is without merit.

Kelly also asserts that the trial court erred in not granting a mistrial after the prosecutor unsuccessfully questioned witnesses about prostitution on the part of Kelly's wife. The government was treading the edge of a mistrial, but we cannot say that the United States Attorney acted in bad faith, or knew in advance that he could not produce evidence to support his suspicions. The questioning was not so grossly prejudicial as to require the trial court to declare a mistrial as a matter of law.

Kelly also alleges that reversible error occurred when an incriminating letter and a "trick book" were received in evidence and discussed before the jury. These exhibits were relevant evidence, and their weight and value were for the jury. The prosecutrix was entitled to testify about her understanding of words and phrases in the letter. The jury was entitled to believe her.

Finally, Kelly urges reversal because the prosecutrix was allowed to testify about physical abuse she suffered at the hands of Kelly. Such evidence, of course, does not enhance a defendant's chances for acquittal, but the victim's account of a criminal course of conduct is for the jury to consider.

The evidence was, necessarily, damaging to the defendant. But the testimony was largely an account of the defendant's own acts. The prosecution has the right to produce the entire story, no matter how sordid, so long as the bounds of relevancy are observed.

Affirmed.